**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ALEXIS FIGUEREO,

                          Plaintiff,

     - v -                                    1:24-CV-556
                                                       (GTS/DJS)

MARCUS FELTON, *et al.*,

                          Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

ALEXIS FIGUEREO
Plaintiff, *Pro Se*
Saratoga Springs, New York 12866

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

      The Clerk has sent the undersigned Plaintiff's civil Complaint for review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis*. Dkt. No. 2, IFP App. The Complaint asserts a 42 U.S.C. § 1983 claim for violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights. Compl. at p. 8.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

## I.  SUFFICIENCY OF THE COMPLAINT

### A.  Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*. *See id.*  In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff alleges that on April 22, 2021, he was falsely arrested during a protest against the Albany Police Department and later charged with: (1) inciting a riot; (2) obstruction of governmental administration in the second degree; (3) unlawful assembly; (4) rioting in the second degree; and (5) attempted assault in the third degree.

3

Compl. ¶¶ 1 & 15.  Plaintiff also asserts that his personal property was discarded by police officers.  *Id.* ¶ 13.

### C. Analysis of the Complaint

The Complaint identifies five named individuals and the City of Albany as Defendants.  Compl. at pp. 2-3.  It also identifies several John Doe Defendants.  *Id.* While Plaintiff has provided specific pleading regarding the factual basis of his claims, he has failed to specifically identify which named Defendants he claims are responsible for what actions.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense."  *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for

4

the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

The Complaint fails to specify what Defendant or Defendants he claims are specifically responsible for his variously asserted claims. Instead, Plaintiff only lists each named Defendant next to the crimes he was charged with in a conclusory manner and concedes that the officers that arrested him in alleged violation of his rights remain unidentified. Compl. ¶¶ 8-9, 11-12, 15. He also fails to specify which Defendants allegedly destroyed his property. These naked assertions, without more, are insufficient.

Second, while naming the City of Albany as a Defendant Plaintiff has failed to make specific allegations of a city policy or custom that led to any unconstitutional actions. In *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978), the Supreme Court found that "the language of § 1983, read against the background of the . . . legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Courts apply "rigorous standards of culpability and causation" to ensure that the municipality is not held liable solely for the actions of its employees. *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000) (quoting *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)). Thus, in order for an individual whose constitutional rights have been violated to have recourse against a municipality under § 1983, he must show that he was harmed by a municipal "policy"

5

or "custom." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 690-91. A "policy" or "custom" cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the State. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 831 (1985) (Brennan, J., concurring in part and concurring in the judgment) ("To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict respondeat superior liability rejected in *Monell*").

While the facts as alleged may well be sufficient to satisfy the low burden of review of section 1915, Plaintiff's Complaint at this juncture fails to satisfy the basic notice pleading requirements of the Federal Rules and should be dismissed on that basis.

### D.  Leave to Amend

"[A] court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The deficiencies identified above could potentially be rectified by more detailed pleading and so the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend. Upon amendment, "Plaintiff must provide a short and plain statement of the relevant facts

supporting each claim against each defendant named." *Acosta v. New York*, 2021 WL 1999422, at *4 (S.D.N.Y. May 18, 2021). To be clear, "the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights and how, when, and where such violations occurred." *Id.* Plaintiff is advised that any such amended complaint shall supersede and replace in its entirety the previous Complaint filed by Plaintiff. If this recommendation is accepted and Plaintiff is permitted to amend his Complaint, Plaintiff is further warned that the failure to submit an amended complaint could result in dismissal of this action.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN</u>**

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:  June 21, 2024
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge