Plaintiff, ALEXIS A. FIGUEREO, pro se, states as my Amended Complaint: **Continuation of Statement of Claim**

## INTRODUCTION

1.      In this case, I am seeking justice and accountability for injuries I incurred on April 22, 2021, as a participant in a peaceful encampment and protest regarding racial justice and police accountability in the City of Albany, New York. Most of the participants in the encampment and protest were people of color. My injuries were directly caused by decisions made at the highest levels of Albany municipal government to respond to the racial justice and police accountability protest with unjustified, unreasonable, and unnecessary surveillance, violence, aggression, and excessive force by law enforcement directed towards me, the mother of my children, and other racial justice and police accountability protestors.

2.      The Arch Street encampment and April 22, 2021 racial justice and police accountability protest in Albany occurred during a period of a nation-wide massive collective expression of grief and anger and broad-based calls for racial justice and demands for police accountability following the police murder of George Floyd, a Black man, in Minneapolis, Minnesota on May 25, 2020, and of Breonna Taylor, a Black woman, in Louisville, Kentucky on March 13, 2020, and the racially motivated murder of Ahmaud Aubery, a Black man, in Glynn County, Georgia on February 23, 2020.

3.      Specifically, the Arch encampment was established at the Albany Police Department on April 17, 2021, in response to the murder of Daunte Wright and Adam Toledo who were both killed that same week by police officers, where Lt. Devin Anderson physically assaulted my sister, Chandler M. Hickenbottom, at the South Station Albany Police precinct on April 14, 2021.  On this day, Albany police officers also sprayed protesters with Bear Mace and other chemical weapons, as well as using excessive force against protesters with batons.  On April 22, 2021, a racial justice and police accountability protest in Albany occurred in response to the Arch Street encampment being destroyed by Albany police officers, as well as the City of Albany. Earlier that day, Albany police officers also committed violence and legally baseless arrests and used excessive force on those who attended the protest.

4.      In or around mid-late April 2021, including but not limited to on April 14, 21, and 22, on-duty Albany Police officers, detectives, and officials, all acting individually and in concert with each other under the color of law and under the direction of the City of Albany, planned, decided to and did respond to the peaceful protests by me, with hostile, unjustified, violent, and aggressive law-enforcement action.

5.      While I do not know all of the details at this pre-discovery stage of the proceeding regarding precisely which defendants were directly responsible for the use of force against me on July 22, 2021, it is clear from the events that evening that the municipal defendant the City of Albany and the City of Albany police intentionally planned, decided to and did coordinate and/or direct the use of unlawful, excessive, and unreasonable force against me, without any legal justification, privilege, or lawful basis, and in clear violation of my constitutionally protected right.

6.  Among other actions, without any legitimate law enforcement or legitimate public safety purpose, at the direction of defendant Police Chief Hawkins, in coordination with the other named defendants, law enforcement officers at the scene were directed to and did approach me in an unmarked SUV, slam me on the ground, and falsely arrest me, the impact of which caused physical pain, and which also caused me tremendous emotional pain and suffering.

**PARTIES**

7. I am a citizen of the United States and a resident of the State of New York. I am an African American. I grew up in the Capital Region, in the nearby City of Saratoga Springs. I have been active in the racial justice and police accountability movement in the Capital region, including Albany, since May 14, 2020.

8. Defendant CITY OF ALBANY is a municipal corporation formed under and pursuant to the laws of the State of New York, with its principal place of business being Albany, New York. At all times relevant to this Complaint, defendant City was acting under color of state law. Defendant City was the employer of those "John Doe" defendants who were City of Albany police officers, detectives, or officials.

9. Defendant CITY OF ALBANY MAYOR KATHY SHEEHAN, sued in her individual capacity, was at all times relevant to this Complaint, the elected Mayor of the City and a policy-maker for the City with oversight responsibilities and policy-making authority over the City of Albany Police Department, and was acting within the scope of her authority and employment and under color of state law. Defendant Sheehan is a White person.

10. Defendant CITY OF ALBANY CHIEF OF POLICE ERIC HAWKINS, sued in his individual capacity, was at all times relevant to this Complaint, the appointed Police Chief for the City, was a policy-maker for the City with oversight and management responsibilities, supervisory responsibilities, and policy-making authority over the Albany Police Department, and was acting within the scope of his authority and employment and under color of state law.

11. Defendant Albany Police Department Sergeant ALLAN WOJEWODZIC, sued in his individual capacity, was at all times relevant to this Complaint, the appointed sergeant of the City of Albany Police Department, and was acting within the scope of his authority and employment and under color of state law. Defendant Wojewodzic targeted me for frivolous protest-related charges for First Amendment-protected activity at the April 14, 2021 protest. Defendant Wojewodzic is a white person.

12. Defendant Albany Police Department Officer MARCUS FELTON, sued in his individual capacity, was at all times relevant to this Complaint, an officer and was acting within the scope of his authority and employment and under color of state law. Defendant Felton targeted me for frivolous protest-related charges for First Amendment-protected activity at the April 14, 2021 protest.

13. Defendant Albany Police Department Officer GRIFFIN CLARK, sued in his individual capacity, was at all times relevant to this Complaint, an officer and was acting within the scope of his authority and employment and under color of state law. Defendant Clark targeted me for frivolous protest-related charges for First Amendment-protected activity at the April 22, 2021 protest. Defendant Clark is a white person.

14. Defendant Albany Police Department Detective PJ O'DONOVAN, sued in his individual capacity, was at all times relevant to this Complaint, an officer and was acting within the scope of his authority and employment and under color of state law. Defendant O'Donovan targeted me for frivolous protest-related charges for First Amendment-protected activity at the April 14, 2021 protest. Defendant O'Donovan is a white person.

15. Defendant Albany Police Department Detective ROBERT LAWYER, sued in his individual capacity, was at all times relevant to this Complaint, an officer and was acting within the scope of his authority and employment and under color of state law. Defendant Lawyer targeted me for frivolous protest-related charges for First Amendment-protected activity at the April 14, 2021protest. Defendant Lawyer is a white person.

16. Defendants JOHN DOES 1-50, whose identities and the precise numbers are not known by plaintiff, but who are intended to represent City of Albany police officers, detectives, or officials who were present at the Arch encampment on April 22, 2021, during the time period of approximately 2 pm to approximately 5 pm, and who participated in violating my rights at that time as described herein and/or who failed to intervene to stop or prevent the violation of plaintiff's rights, and who are sued in their individual capacities, were each on-duty in their law enforcement capacities, were acting within the scope of their employment, were acting pursuant to the direction and policies of the municipal defendants and the municipal elected and appointed officials named above, and were acting under color of state law. These include the four City of Albany police officers or officials who used physical force against me at the encampment protest on April 22, 2021.

**EVENTS OF APRIL 2021**

17.     The events relevant to this case arose in the context of an historically unprecedented wave of protests that swept the nation beginning in Spring/Summer 2020 following the unjustified police murders that Spring of George Floyd and Breonna Taylor, who were but the latest in a long list of Black people killed by law enforcement officers without any legal basis in the United States over a period of many years. The history of unjustified police murders of Black people in this country is also a history of an almost complete lack of official accountability for such killings. The grief, anger, and demands for meaningful change that engulfed the nation during that time reached every state and hundreds of cities and towns, including the City of Albany, which had its own particular history of police mistreatment of Black people and others and a lack of accountability for such mistreatment.

18.     As in many other cities and towns around the country, the local municipal and law enforcement authorities in the City of Albany including defendants Marcus Felton, Alan Wojewodzic, Eric Hawkins, Kathy Sheehan, Griffin Clark, Robert Lawyer, PJ O'Donovan, and John Does 51-100, were openly and without justification hostile to the emergence and growth of this movement.

19.     In particular, the leaders of the City of Albany and the Albany Police Department, including defendants Eric Hawkins and Kathy Sheehan, consistently expressed significant and ongoing and

unjustified hostility towards the racial justice and police accountability movement in Albany from the beginning of this movement in the late Spring of 2020 through, at least, the end of 2021. The expression of such unjustified hostility by the elected and appointed leaders of the City and the Police Department towards the racial justice and police accountability activists including plaintiff was such a clear and consistent practice over this period of time as to have constituted a municipal policy or custom.

20. This hostility included, for example, public statements by Albany officials, including defendants Eric Hawkins and Kathy Sheehan in [ ] in which they angrily expressed their impatience with the racial justice and police accountability activists in the City and proclaimed that they were going to clear the encampment.

21. This hostility manifested itself in the form of the decision by defendant Albany Police chief Eric Hawkins, we also know undercover officers were present April 14, 2021 through April 22, 2021.Informants working with the F.B.I. and Albany Police Department were also present which was revealed by internal affair reports that were made public by local news as well as the Albany Civilian Review Board. Albany Police Chief Eric Hawkins directed Albany Police officers to turn badges around or not have them on at all as to hide their identities. This is evident in the investigation of the events of April 14, 2021 through April 22, 2021 performed by the Albany Civilian Review Board.

22. I grew up nearby in the City of Saratoga Springs and I directly experienced police bias and police misconduct at an early age, was one of many who became active in the movement for racial justice and for police accountability in the Capital Region at this time. By the end of July 2020, I had emerged as a well-known and recognized leader and organizer of the local movement for racial justice and police accountability in the Capitol Region, including in the City of Albany.

23. On April 14, 2021, a protest was happening at which started at Townsend Park in Albany and ended at the South Station Albany precinct I was not involved in planning of the protest whatsoever , but I attended the protest once it had reached the police station to check in on my sister Chandler M Hickenbottom.

24. The encampment began on April 17, 2021, after my sister Chandler M. Hickenbottom was assaulted by Lt. Devin Anderson who bashed her in the mouth with her bullhorn. This incident occurred on April 14, 2021. Additionally, protesters were sprayed with Bear Mace and other chemical weapons. This combined with the excessive force by Albany Police officers led to the creation of the encampment.

25. On April 22, 2021 at or around 2:00 pm, I arrived at the Arch encampment for the South Station protest to do safety and legal monitoring. The protest was in response to APD's April 14, 2021 actions. At that time, I observed that City of Albany police officers had a barricade around the police station and were wearing riot gear, batons, tasers guns, and helmets, along with thin blue line flags on their shields.

26. At that time, the police officers also hid their badges so that they could not be identified.

27. At the point that I arrived, the Arch encampment had been destroyed by the Albany Police officers and the city of Albany, and my belongings had been discarded. These belongings were my laptop, headphones, a video game, my tent, money, and blankets, as well as personal sentimental

items. Some of the local media outlets were able to film the Albany Police officers and the City of Albany destroy the entire encampment.

28. Later that evening, myself and the mother of my children, Ms. Gabrielle Elliott, went back to my car to grab PPE equipment. At that point, without any legal justification, legal cause, or legal basis, suddenly, four APD officers exited an unmarked SUV. These are the "John Doe" defendants in this case.

29. The officers slammed me to the ground, causing me immediate pain and injury. They also pushed Ms. Elliott.

30. At no point did these officers identify themselves. I only figured out that they were officers when I noticed that they were wearing "Back the Blue" insignia after they put me in their van. The officers also refused to state what I was arrested for or where they were taking me.

31. At no time that evening had I nor Ms. Elliott engaged in any unlawful act, much less any act of violence. On information and belief, at no time that evening had any of the other racial justice or police accountability activists at the encampment protest engaged in any act of violence.

32. At no time prior to the use of physical force directed towards me or Ms. Elliott had any of the law enforcement officers or officials or defendants given a directive to either of us to disperse from the scene.

33. There was no legitimate or legal reason for the police to use any force at that time against me or Ms. Elliott.

34. After the officers arrested me and put me in their van, they transported me to the Madison Street police station. Despite the station being roughly ten minutes away, the officers detained me in their unmarked SUV for approximately thirty minutes. This added to my distress, because I did not know what was going on or where I was being taken.

35. Upon arrival to the station, the officers told me to follow them into the garage and ordered me to stand near a wall with my face on the wall. I did so until they brought me into an interrogation room a few minutes later.

36. In the interrogation room, the police cuffed me to a bench. I clearly and unequivocally stated that I wanted to make a phone call and talk to a lawyer, but the police refused to allow me to do so. Instead, they detained me for hours, then transported me to the Albany County jail.

37. I was detained for approximately six hours in the Albany County Jail.

38. I only learned the charges against me after being unlawfully detained for approximately five hours and then transferred to the Albany County Jail.

39. The charges related to my participation in the earlier April 14, 2021, the encampment on April 21, 2021, and the protest on April 22, 2021. These were:
    a. 4/22/21 – inciting to riot. Defendant Griffin was named on the charging document for this charge.
    b. 4/21/21 – unlawful assembly. Defendant Lawyer was named on the charging document for this charge.
    c. 4/14/21 – obstruction of government admin 2d – Defendant Lawyer was named on the charging document for this charge.

      d. 4/14/21 – unlawful assembly, riot 2d. Defendant Lawyer was named on the charging document for this charge.

      e. 4/14/21 – (3) Attempted assault 3d. Defendant O'Donovan was named on the charging document for this charge.

40. The Albany Police Department intentionally waited to file my charges from April 14, 2021.

41. Albany City Court Judge Holly Trexler dismissed the aforementioned charges against me because prosecutors failed to provide defense attorneys with recordings of interviews of Albany Officers, during an investigation into the Police response to the Arch Street protest and encampment. Another issue also arose in the case where the Albany Police precinct received an relied on 'intel' from an FBI informant, or agent, in planning the Albany Police precinct response to the protest at South Station Albany Police precinct in April 2021.

42. Due to these legally baseless cases, I incurred gas fees, missing financial opportunities, childcare expenses, and legal fees.

43. I learned that I was under APD surveillance when I received information during discovery during one of those proceedings. The document stated that I was under surveillance between April 14, 2021, and April 22, 2021, but not limited to those dates. During the case, the issue of the FBI informant, or agent, who was surveilling the protest came to light. I am also aware that while I was at the South Station Albany precinct, officers were standing on top of buildings and filming and recording the encampment below for the entire length of the protest. Also, during discovery it was found that Albany Police officers were in communication regarding me throughout the entirety of the encampment.

44. During my intake at the jail, I had my bulletproof vest. Upon release, the police refused to return the vest.

45. Defendants Sheehan and Hawkins, jointly and individually, along with other City officials whose identities are not known at this time, were the municipal policy makers involved in making decisions leading up to and in April 2021, as to how the City of Albany would respond to and handle the Arch encampment and South Station protest.

46. The purpose of targeting me, a prominent racial justice and police accountability activist in the Capital Region, for surveillance and arrest and for using excessive force against me, was to chill the exercise of my constitutionally protected rights and to violate the rights of the racial justice and police accountability activists.

47. The intended chilling effect was directed towards scaring me away from participating in future rallies, as well as other racial justice and police accountability activists. This was a municipal policy of the City of Albany to try to minimize public involvement and participation in the then emerging local racial justice and police accountability movement.

48. On information and belief, the actions of defendants, as set forth above, were based on or motivated by, at least in part, racial animus towards me and the other racial justice and police accountability protestors, many of whom were also people of color, in violation of the Fourteenth Amendments protected rights of myself and the other racial justice and police accountability protestors to equal protection of the law.

49. The actions of defendants, as set forth above, constituted an infringement and violation of the First Amendment protected rights of myself and the other racial justice and police accountability protestors to free speech, to assemble, to associate with others, and to petition the government for a redress of grievances.

50. At the least, the defendants, jointly and individually, failed to provide proper training, preparation, or supervision to their police officers as to how to deal properly and in a constitutionally appropriate manner with a situation where police could reasonably expect protesters to be peacefully exercising their First Amendment protected rights. This failure reasonably would, and did, result in the violation of my constitutionally protected rights.

51. The actions of defendants, as set forth above, were intentional, wanton, callous, and malicious, and were taken with disregard for the constitutionally protected rights of my and the other racial justice and police accountability protestors.

52. As a result of the targeting and/or use of excessive force by defendants [ ], John Does 1-50, and John Does 51-100, in addition to the physical injuries that I suffered from officers' use of force on April 22, 2021, I have suffered from Post-Traumatic Stress Disorder and depression.

## FIRST CAUSE OF ACTION

### Excessive force -  4th and 14th Amendments

53. Paragraphs 1 through 54 are re-alleged as if fully set forth herein.

54. Defendants, acting under color of state law, intentionally violated my rights protected by the 4th and 14th amendments to the U.S. Constitution to be free from the unreasonable and excessive use by law enforcement officers of force against him on April 22, 2021, and are liable to me for the injuries directly and proximately caused by said actions.

## SECOND CAUSE OF ACTION

### Equal protection - 14th Amendment

55. Paragraphs 1 through 54 are re-alleged as if fully set forth herein.

56. Defendants, acting under color of state law, intentionally violated my rights protected by the 14th amendment to the U.S. Constitution to be free from governmental discrimination on the basis of race or color on April 22, 2021, and are liable to me for the injuries directly and proximately caused by said actions.

## THIRD CAUSE OF ACTION

### Freedom of speech, assembly, association, and to petition the government  - 1st Amendment

57. Paragraphs 1 through 54 are re-alleged as if fully set forth herein.

58. Defendants, acting under color of state law, intentionally violated my rights protected by the 1st amendment to the U.S. Constitution to freedom of speech, freedom of assembly, freedom of

association, and freedom to petition the government for a redress of grievances on April 22, 2021, and are liable to me for the injuries directly and proximately caused by said actions.

## FOURTH CAUSE OF ACTION

### Municipal liability

59.    Paragraphs 1 through 54 are re-alleged as if fully set forth herein.

60.    Defendants City, Sheehan and Hawkins, acting under color of state law, intentionally violated my constitutionally protected rights as set forth above by planning, developing, implementing, and agreeing together as matters of municipal policy to direct and cause the police officers and officials to engage in the violations of the rights of Mr. Figuereo on April 22, 2021, as described above and are liable to me for the injuries directly and proximately caused by said actions.

61.    Said defendants affirmatively developed a plan, policies, and actions in the days leading up to April 22, 2021 and on April 22, 2021 itself which, by design, failed to recognize or protect the constitutional rights of my and which, as intended, led to the violations of said constitutional rights.

**WHEREFORE,** Plaintiff respectfully demands:

A. An award of compensatory damages as against all of the defendants collectively in the amount of $500,000.00.
B. Awards of punitive damages against the individually named defendants each in the amount of $30,000.
C. An award of the costs of this action,
D. And such other and further relief as the Court deems just and proper.

**Please take further notice that plaintiff hereby demands a jury trial.**

Dated: September 27, 2024.