**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ALEXIS FIGUEREO,

                              Plaintiff,

        - v -                                 1:24-CV-556
                                                          (GTS/DJS)
MARCUS FELTON, *et al.*,

                              Defendants.
_____

**APPEARANCES:**                                **OF COUNSEL:**

ALEXIS FIGUEREO
Plaintiff, *Pro Se*
Saratoga Springs, New York 12866

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

### I. BACKGROUND

The Complaint in this action was originally filed on April 22, 2024. Dkt. No. 1. Plaintiff's application to proceed *in forma pauperis* was granted. Dkt. No. 4. This Court issued a Report-Recommendation recommending that the Complaint be dismissed, with leave to amend, because it failed to comply with the requirements of the Federal Rules of Civil Procedure for providing adequate notice of the nature of the claims presented. Dkt. No. 5. The District Court adopted the Report-Recommendation. Dkt. No. 6.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

Plaintiff timely filed an Amended Complaint, Dkt. No. 7, which is now before the Court for review pursuant to 28 U.S.C. § 1915(e).

The same standards previously articulated regarding the legal sufficiency of a pleading govern the Amended Complaint as well. *See generally* Dkt. No. 5 at pp. 2-3. Broadly stated, the Court's review entails assessing whether "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Amended Complaint names the Mayor and Chief of Police of the City of Albany as Defendants, and alleges generally that they are policymakers for the city and acted to develop policies hostile to anti-police protests advocated by Plaintiff. Am. Compl. at ¶¶ 9-10 & 60-61. Also named related to a claim for municipal liability is the City of Albany itself. *Id.* at ¶¶ 8 & 59-61. Finally, Plaintiff lists five specifically named and fifty John Doe members of the Albany Police Department as Defendants. *Id.* at ¶¶ 11-16. Claims against those Defendants allege that Plaintiff's personal property was destroyed, he was the victim of excessive force, and unlawfully arrested by Defendants because of his involvement in protests against police conduct. *See generally id.* at ¶¶ 1-6 & 17-52.

## II. DISCUSSION

*1. Excessive Force*

Plaintiff alleges that four "John Doe" officers of the Albany Police Department used excessive force against him, including slamming him to the ground. Am. Compl. at ¶¶ 28-29. These allegations, that he was the victim of an unwarranted and unreasonable use of force, are sufficient to withstand initial review under 28 U.S.C. § 1915(e) for purposes of an excessive force claim under the Fourth Amendment. *See, e.g.*, *Irvine v. City of Syracuse*, 2015 WL 2401722, at *4 (N.D.N.Y. May 19, 2015) ("claims of excessive force during the course of an arrest are analyzed under the Fourth Amendment."). Given the allegations made and the deferential standard on initial review, the Court recommends that the Amended Complaint be permitted to proceed against the John Doe Defendants on a Fourth Amendment excessive force claim.

*2. Equal Protection*

Plaintiff's second cause of action alleges that Defendants violated his rights by discriminating against him on the basis of race or color. Am. Compl. at ¶¶ 55-56. The Court recommends that this claim should be dismissed based on Plaintiff's failure to allege the elements of such a claim.

Individuals have a right under the Fourteenth Amendment not to be discriminated against on the basis of race. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). Plaintiff alleges that he is African American and was engaged in

protected activity protesting racial injustice. Am. Compl. at ¶ 7. He also alleges that certain Defendants are white. Am. Compl. at ¶¶ 11, 13-15.[2] Apart from those statements, however, the Amended Complaint contains no allegations that what Plaintiff alleges happened to him was the result of racial animus. "To establish intentional or purposeful discrimination, 'it is axiomatic that a plaintiff must allege that similarly situated persons have been treated differently.'" *Ragland v. Coulter*, 2021 WL 4430271, at \*6 (E.D.N.Y. June 25, 2021), *report and recommendation adopted*, 2021 WL 4406014 (E.D.N.Y. Sept. 27, 2021) (quoting *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994)). The Amended Complaint, however, makes no allegations that there were similarly situated individuals of a different race who were treated differently. He makes no allegations of any specific evidence pointing to a basis for asserting a racial discrimination claim. "A plaintiff's 'naked allegation' of racial discrimination on the part of a defendant is too conclusory to survive a motion to dismiss." *Andrews v. Fremantlemedia, N.A., Inc.*, 613 F. App'x 67, 69 (2d Cir. 2015). This claim, therefore, should be dismissed.

### 3. First Amendment

The third specifically identified cause of action in the Amended Complaint alleges a violation of rights under the First Amendment to the freedom of speech, assembly, association, and petition the government. Am. Compl. at ¶¶ 55-56. The

---

[2] The Court takes judicial notice of the fact that Defendant Hawkins is African American.

Amended Complaint does not clearly explicate the precise basis for this claim, namely exactly how those rights were interfered with. It references, for example, his arrest, the allegedly improper use of force against him, and the destruction of his property – all of which might be the basis for a First Amendment claim, but which are not specifically identified as such in the pleading. Though broadly stated, the Court is cognizant of the Second Circuit's direction that a *pro se* plaintiff's pleadings should be liberally construed, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), and so recommends that this claim be permitted to proceed.

### 4. Municipal Liability

The Court's prior Report-Recommendation noted the legal standards for a municipal liability claim. Dkt. No. 5 at pp. 5-6. Generally restated, following the Supreme Court's decision in *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978), an individual whose constitutional rights have been violated can assert a claim against the municipality if he can demonstrate that the violation was the result of a municipal "policy" or "custom." *Id.* at 690-91. Plaintiff alleges that his constitutional rights were violated as the result of a municipal policy specifically designed to violate the rights of peaceful protesters engaged in specific protests of which the City of Albany and its leaders knew and disapproved. *See*, *e.g.*, Am. Compl. at ¶¶ 1, 60-61. This claim too, is rather broadly stated, but sufficient at this juncture to require a response from Defendants. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 191.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED in part as set forth above**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  November 12, 2024
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).